■ LUCILLE DANN, Respondent, v JOHN DANN, Appellant. (Action No. 1.) JOHN DANN, Appellant, v LUCILLE DANN, Respondent. (Action No. 2.)— Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: The wife respondent's action for a divorce and the husband appellant's action for rescission of the deed by which he transferred his half interest in the family residence to his wife were joined for trial, without consolidation, pursuant to CPLR 602 (subd [a]). The trial court's finding that "on several occasions during 1972 and 1973 John Dann struck and beat Lucille Dann causing bodily harm to her and requiring active medical treatment as well as verbally abusing her" is amply supported by the evidence. Authority for the support allowance is found in section 236 of the Domestic Relations Law and requires that the court make the allowance based upon the husband's financial resources, the ability of the wife to be self-supporting, the established standard of living of the parties, the age and health of the parties and, to a limited extent, their conduct *(Kover v Kover,* 29 NY2d 408, 415, 416; *Phillips v Phillips,* 1 AD2d 393, 398, affd 2 NY2d 742). In allowing the wife $100 per week alimony the trial court properly considered all of the evidence relating to the circumstances of the parties. The amount of counsel fees allowed by the court properly reflects the value of services rendered to respondent by her attorney. In an earlier trial a different attorney representing respondent received a $500 allowance, which when added to the counsel fee of $1,800 allowed in the case on appeal, would require appellant to pay a total of $2,300. In the

circumstances of appellant's finances this total is excessive and should be reduced by the amount paid on the first trial. The allowance of counsel fees for this trial is therefore reduced to $1,300. In the husband's action to rescind the deed conveying his half interest in the family residence to his wife, the trial court found that the "deed was executed by said John Dann with full knowledge and cognizance of his action and was a free act on his part". The wife's proof in this respect was corroborated by her attorney's testimony while the husband's testimony was not only uncorroborated but was also vague and unpersuasive. We have considered the other points raised by appellant and find them without merit. (Appeal from judgment of Erie Special Term in actions for divorce and rescission of deed.) Present— Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.